PEOPLE v MACK

Docket No. 65377. Submitted April 6, 1983, at Grand Rapids.—Decided December 6, 1983.

J. L. Mack was convicted, on his plea of nolo contendere, of breaking and entering with intent to commit larceny, Muskegon Circuit Court, James M. Graves, Jr., J. Defendant appeals, alleging several errors. *Held:*

1. An adequate factual basis for the plea was established. The evidence placed the defendant at the scene of the crime and was sufficient to find that the crime was committed and for an inference that the perpetrator intended to commit larceny.

2. Defendant claimed an inability to remember having committed the crime because he was intoxicated at the time. The need to inform him that if his claim were to be believed by a trier of fact they would be obliged to acquit him, the need to ask why he was pleading to the offense in view of the defense, the need to produce evidence negating the defense, and any express and knowledgeable waiver of the defense, were obviated by the procedure establishing a factual basis for the plea.

3. Defendant's claim that his plea was not an understanding one is without merit under the circumstances of the case.

Affirmed.

BEASLEY, P.J., concurred in the result only.

1. CRIMINAL LAW — BREAKING AND ENTERING — EVIDENCE.
Evidence showing a nighttime entry of a professional office,

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur 2d, Burglary §§ 10, 22, 24, 50-52.
Sufficiency of showing that burglary was committed at night. 82 ALR2d 611.
[2] 13 Am Jur 2d, Burglary § 45.
[3, 5, 6] 21 Am Jur 2d, Criminal Law § 155.
Modern status of rules as to voluntary intoxication as defense to criminal charge. 8 ALR3d 1236.
[4] 13 Am Jur 2d, Burglary § 52.
  21 Am Jur 2d, Criminal Law § 129.
  50 Am Jur 2d, Larceny § 35.
[6] 21 Am Jur 2d, Criminal Law § 131.

effected by breaking a window and entering through it, in which property was taken is sufficient to establish a factual basis for finding a breaking and entering and for inferring the intent to commit larceny.

2. LARCENY — BREAKING AND ENTERING — IDENTITY OF DEFENDANT.

A defendant may, in the proper circumstances, be convicted of breaking and entering with intent to commit larceny where both breaking and entering are proven, both taking place close in time, and the evidence at trial identifies the defendant as the person who did the breaking.

3. CRIMINAL LAW — NOLO CONTENDERE PLEA — FACTUAL BASIS FOR PLEA — INTOXICATION.

An adequate factual basis for a plea of nolo contendere to the crime of breaking and entering with intent to commit larceny where the defendant claims no memory of the event because he was intoxicated at the time may be established where the prosecution presents testimony implicitly negating the defendant's defense of intoxication; the prosecution need not disprove defendant's intoxication, but must show that, whether or not he was intoxicated, the defendant had the specific intent to commit larceny at the time he broke and entered.

4. LARCENY — BREAKING AND ENTERING — INTENT TO STEAL.

A presumption of an intent to steal does not arise solely from proof of a breaking and entering; there must also be some circumstance reasonably leading to the conclusion that a larceny was intended.

5. CRIMINAL LAW — GUILTY PLEAS — DEFENSES — INTOXICATION.

A judge who accepts a plea of guilty or nolo contendere is not generally obliged to explain possible defenses to the defendant; this rule applies to the defense of intoxication as it does to other defenses; information concerning the defense must be imparted to the defendant only when his statements suggest that his plea is not an understanding one.

6. CRIMINAL LAW — SPECIFIC INTENT — INTOXICATION.

A defendant's loss of memory concerning an incident, due to alcoholic intoxication, does not necessarily indicate that he was unable to form a specific intent during that incident; a determination of whether he possessed the requisite specific intent may only be made by considering all the facts of the case.

*Frank J. Kelley,* Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Thomas L. Riegler,* for defendant on appeal.

Before: BEASLEY, P.J., and R. B. BURNS and T. C. MEGARGLE,* JJ.

PER CURIAM. Defendant appeals as of right from his plea-based conviction of breaking and entering with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant pled nolo contendere to a charge of breaking and entering a dentist's office at 2545 Baker Street in the City of Muskegon Heights with intent to commit larceny.

On appeal, defendant claims that an inadequate factual basis for his plea was presented. GCR 1963, 785.7(3)(b)(ii) requires a judge who takes a nolo plea to conduct a hearing (unless there has already been one) that establishes support for a finding that the defendant is guilty. No preliminary examination was held before defendant offered his plea. At the plea-taking proceeding, a police officer testified that he responded to a call concerning a possible overnight break-in. He met the owner of the building with whom he examined its exterior and interior. He concluded that the building had been entered through a side window which had been smashed. Numerous drawers were opened in the room entered; a number of cabinets were opened in an adjacent room. Apparently a clock was the only thing which was taken. Outside the smashed window, the officer discovered a distinctive heelmark which he concluded would lead to the identification of the burglar. Remembering that defendant had been dropped off by police near

* Circuit judge, sitting on the Court of Appeals by assignment.

the office the night before, he concluded that he should interview him. He found the defendant and read him his *Miranda*[1] rights before questioning him. The officer testified:

"We talked about the breaking and entering at Doctor Howell's office, and the fact that he had been dropped off there that night in the area by Sergeant Whittaker. Mr. Mack was intoxicated at the time that Sergeant Whittaker dropped him off, and his recall was a little hazy as a result of that. He told me that he recalled smashing the window out on the north side of the building, but he didn't know if he went in or not. He couldn't remember, but he did recall breaking the window out because he was upset."

The clock which was taken was not recovered.

On this testimony, we believe that the trial judge properly concluded that the crime charged had been committed. Evidence showing a nighttime entry of a professional office, effected by breaking a window and crawling through it, in which a clock was taken established an ample factual basis for finding a breaking and entering and for inferring the intent to commit larceny.

The testimony is less convincing, but still adequate, concerning the identity of the burglar. To conclude that defendant did not enter the building and take the clock, one would have to believe that two persons were involved in this crime. This hypothesis cannot be entirely ruled out based upon the evidence presented at the plea-taking. It is, however, sufficiently improbable that its mere existence does not bar defendant's conviction. Where breaking and entering were proven (both occurring in close temporal proximity) and the evidence

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

adduced at trial identified defendant as the person who did the breaking, the evidence has been held sufficient to convict him of the offense. *People v Bahlhorn,* 298 Mich 545; 299 NW 709 (1941); *People v Barnes,* 51 Mich App 735; 216 NW2d 464 (1974); *People v Ware,* 12 Mich App 512; 163 NW2d 250 (1968). See also Anno: *Fingerprints, palm prints or bare footprints as evidence,* 28 ALR2d 1115, §§ 27-30, pp 1149-1157. Given the testimony presented, we believe that the trial judge reasonably inferred from the evidence that defendant broke the window and entered the building with the intent to commit larceny therein.

Defendant's far more serious claim of error concerns the trial judge's failure to follow the procedures suggested in this Court's opinion in *People v Stoner,* 23 Mich App 598; 179 NW2d 217 (1970). In *Stoner,* this Court vacated a guilty plea in which the defendant was unable to remember his commission of the offense. At the time the plea was taken, nolo pleas were not permitted in Michigan. See *People v Booth,* 414 Mich 343, 361, fn 17; 324 NW2d 741 (1982). The defendant remembered going to a house, seeing an old man, and discovering a considerable sum of money in his possession upon leaving the house. *Stoner, supra,* pp 603-604. This Court stated:

"While a trial judge may not be obliged to search out possible defenses, in this case it has not been made to appear that Stoner planned or participated in the commission of the robbery. While Stoner was present when 'someone' planned or suggested commission of a robbery, he claimed he was too drunk to care what happened. And while he obtained proceeds of the alleged robbery, he did not recall the robbery itself or participating in it. A factual basis for his guilty plea was not established.

"We do not mean to be understood as saying that a plea of guilty may not be accepted merely because a defendant says that by reason of intoxication he cannot recall his participation in the commission of the offense. However, where the defendant claims that he cannot recall participating, the inquiry must go further: Is the defendant aware that if his claim to being so completely intoxicated that he cannot recall participating is believed by the trier of fact, that the trier would then be obliged to acquit him? If so, why then is the defendant pleading guilty?

"We recognize that a defendant may wish to waive a possible defense and plead guilty simply because he has concluded that the trier of fact will not believe him. The people's evidence that the defendant was not intoxicated may be overwhelming.

"When a defendant claims that because of intoxication he does not recall participating in the commission of the offense, but, nevertheless, desires to plead guilty, the people should be asked to produce evidence negating the intoxication defense. Such evidence might appear in the transcript of a preliminary examination presented to and read by the trial judge before accepting the plea. If from such evidence it appears that the people can substantially refute a claim of intoxication, then a factual basis for the defendant's plea would appear without regard to his own acknowledged recollection of what occurred. Upon such a showing and express and knowledgeable waiver of the defense by the defendant, the judge could properly accept the plea.

"There would then, in the words of the *Barrows* [*People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959)] Court, be a basis for concluding that there had been (p 272) 'reasonable ascertainment of the truth of the plea'. We would then have no reason to be concerned that the defendant's plea was not an 'understanding' plea. It would then appear, as we said in *Bartlett [People v Bartlett,* 17 Mich App 205; 169 NW2d 337 (1969)] (p 209), 'that there is a factual basis for the plea, that the plea is a truthful, honest plea of guilty to an offense of which the accused person might well be convicted upon trial.' " (Footnotes omitted.) *Stoner, supra,* pp 607-608.

Defendant claims that his conviction should be reversed because several of the procedures suggested in *Stoner* were not followed. He was not asked if he was aware "that if his claim to being so completely intoxicated that he cannot recall participating is believed by the trier of fact, that the trier would then be obliged to acquit him". *Stoner, supra,* pp 607-608. He was not asked why he was pleading guilty in view of this defense. The prosecution was not asked to produce evidence negating his intoxication defense. He did not make an express and knowledgeable waiver of his intoxication defense.

To a great extent, the need for the procedures suggested in *Stoner* has been obviated by the Supreme Court's adoption of rules requiring the presentation of a factual basis for a plea of nolo contendere. See *People v Booth,* 414 Mich 343, 361-362; 324 NW2d 741 (1982). We believe that the Supreme Court's treatment of defendant Booth's argument based on *Stoner* in *People v Booth, supra,* indicates that the need for the procedures suggested in *Stoner* varies depending on the circumstances of the case. Moreover, we believe that the procedures suggested in *Stoner* are not required where the purposes advanced by those procedures are fully served by compliance with the court rule requiring a factual basis for the plea.

In the present case, unlike in *Stoner,* an adequate factual basis for the nolo plea was established. In establishing the factual basis, the prosecution presented testimony which implicitly negated the intoxication defense. The people's testimony need not disprove defendant's intoxication; it must show that, whether or not defendant was intoxicated, he had the specific intent to commit larceny at the time he broke and entered. See

*People v Paul,* 13 Mich App 175, 177; 163 NW2d 803 (1968). This Court discussed the element of intent to commit larceny of a felonious breaking and entering in *People v Palmer,* 42 Mich App 549, 551-552; 202 NW2d 536 (1972):

"In this case, the information charged that Palmer attempted to break and enter with intent to commit the crime of larceny. Because such mischief is a normal incident to a breaking and entering, and because of the difficulty of proving the actor's state of mind, minimal circumstantial evidence has been found sufficient to sustain the conclusion that the defendant entertained the requisite intent. There must, however, be some circumstance reasonably leading to the conclusion that a larceny was intended. A 'presumption of an intent to steal does not arise solely from the proof of breaking and entering'. *State v Harris,* 40 Wis 2d 200, 210; 161 NW2d 385, 391 (1968)." (Footnotes omitted.)

In *Palmer, supra,* the defendant's conviction was reversed. The defendant had been caught standing near two companions who were attempting to break and enter a residence. This Court noted that the breaking was attempted at noontime, the building was an occupied dwelling and not a store containing money or merchandise, the defendant was acquainted with one of the house residents and the defendant had been in the house the preceding day. The Court stated that the record did not suggest that anything of particular value was in the house. The Court concluded that the proofs had not shown the intent to commit larceny beyond a reasonable doubt in that nonjury trial.

In the present case, the defendant broke and entered a business office at night. He opened drawers and cabinets, suggesting a search of the premises. Nothing in the record indicates that he knew any of the building's occupants. Something of

value was actually taken. The factual circumstances of this offense practically compel the conclusion that its perpetrator possessed the specific intent to commit larceny when he broke and entered the building, despite his intoxication (which we do not question). We think it extremely unlikely that a trier of fact might conclude, based on the evidence presented, that defendant did not intend to commit larceny when he broke and entered the dentist's office. We conclude that the intoxication defense was successfully negated by the evidence presented to establish a factual basis for the plea. The trial judge properly concluded that the testimony presented established support for a finding that defendant was guilty.

In *Stoner,* this Court stated that it would have no reason to be concerned that a defendant's plea was not an understanding one so long as there was a basis for concluding that the plea had been a truthful one. *Stoner, supra,* p 608. This statement suggests, at least, that a satisfactory resolution of the problem of the lack of a factual basis was the major concern of the Court. We nonetheless address defendant's claim that his was not an understanding plea.

Defendant claims that his plea was not an understanding one because he was not told that he would be acquitted if a trier of fact believed that he was so intoxicated that he could not remember committing the offense charged. A judge who accepts a plea is not generally obliged to explain possible defenses to the person who offers it. GCR 1963, 785.7(1)(a); *People v Burton,* 396 Mich 238, 242; 240 NW2d 239 (1976). We do not believe that it was the intent of the panel which decided *Stoner* to impose a different standard on the judge where an intoxication defense might be presented.

This defense must be treated like other defenses; information concerning it must be imparted to a defendant only when his statements suggest that his plea is not an understanding one.

We would agree with defendant's claim that his plea was not an understanding one if we could accept the proposition in *Stoner* equating loss of memory with loss of ability to form specific intent. This equation rests, however, on assumptions of fact which are contrary to the conclusions drawn by medical researchers in this area.[2] Loss of memory, as caused by alcohol consumption (either acute intoxication or chronic alcoholism), is not generally related to the ability to perform complex functions. See *People v Hibbler,* 1 Ill App 3d 263; 274 NE2d 101, 104 (1971).

The facts of the present case strongly suggest impairment of memory without impairment of the ability to function mentally. After a period of acute alcoholic intoxication, a person may fail to remember events which occurred during the period of intoxication.[3] This is an alcoholic "blackout"; its occurrence is not related to the ability to perform complex functions during the period for which memory is lost.[4] This is the only type of

[2] See generally Birnbaum & Parker, eds., *Alcohol and Human Memory* (Erlbaum, 1977).

[3] About two-thirds of chronic alcoholics frequently suffer this type of memory loss, generally midway or late in the course of their alcoholism. On some occasions, the loss is mild or fragmentary; on others, it is severe and nearly total (en bloc). Some chronic alcoholics suffer memory loss every time they drink. The loss of memory varies, even when the amount of alcohol ingested remains constant. About one-third of non-alcoholic young men (and a smaller percentage of non-alcoholic young women) experience one or more alcoholic blackouts of this type. Donald W. Goodwin, *The Alcoholic Blackout and How To Prevent It,* in Birnbaum & Parker, *supra,* pp 177-178. See also Kessel & Walton, *Alcoholism,* (Penguin, 1976), p 97.

[4] An alcoholic blackout is defined as a memory lapse occurring after moderate or heavy drinking where the drinker "may carry on a reasonable conversation or go through quite elaborate activities with-

memory loss which is consistent with the facts presented in this case.[5] Other types of memory loss which are related to alcoholic intoxication are equally unrelated to the ability to perform during periods of intoxication.[6] We do not believe that a defendant's loss of memory concerning an incident indicates that he was disabled from forming a specific intent during that incident. A determination concerning specific intent may only be made by considering all the facts of the case. When the facts of this case are considered, the finding of specific intent is strongly supported.

---

out a trace of memory the next day". E. M. Jellinek, *Phases of Alcohol Addiction,* 13 Quarterly Journal of Studies on Alcohol 673, 678 (1952). The drinker who suffers memory loss is not in a semistuporous state. The memory loss is not due to any type of registration deficit, *i.e.,* the drinker's perceptions and thought processes at the time are not deficient—he merely loses the ability to recall. Goodwin, *supra,* p 178. The memory loss involves a specific functional deficit; intellectual functioning, in general, is well preserved. Goodwin, p 179. In studies where blackouts were experimentally induced, the subjects who experienced blackouts behaved no differently during periods for which memory was intact. During the blackout periods, subjects were "fully conscious, alert and able to perform complicated tasks". Goodwin, *supra,* p 179.

[5] Defendant's age (22 at the time of arraignment) precludes the conclusion that he is in the middle or late stages of chronic alcoholism. See C. D. Marsden, *Neurological Disorders Induced by Alcohol,* in Edwards & Grant, eds., *Alcoholism,* (University Park Press, 1976), pp 60-62. If he were in the middle or late stages of chronic alcholism, the memory loss the defendant described would be equally consistent with Wernicke-Korsakoff syndrome. Goodwin, *supra,* p 179. Drinkers affected by this syndrome, however, also experience no loss of function during the period for which memory is lost. Oscar Parsons & George Prigatano, *Memory Functioning in Alcoholics,* in Birnbaum & Parker, *supra,* pp 185-187.

[6] In addition to the two-thirds of chronic alcoholics who suffer from blackouts to varying degrees (see fn 3), approximately one out of ten chronic alcoholics suffers from alcohol-induced organic brain syndrome involving some memory loss. Twenty percent of this group suffer from Korsakoff's syndrome which involves very substantial loss of memory. Overall impairment of mental functions for those suffering from alcohol-induced organic brain syndromes is not closely tied to the degree of memory loss. Parsons & Prigatano, *supra,* pp 185-187. See also Marsden, *supra,* pp 74-76; William Fann, *Phenomenology & Treatment of Alcoholism* (SP Medical and Scientific, 1980).

We are reluctant to suggest a single standard imposing responsibilities on the court for imparting information to an amnesic defendant. Although we believe that a trial court must proceed with great caution in taking such a nolo plea, it may take the plea when it is satisfied that an adequate factual basis is present. In the present case, a well-informed defendant could have rationally concluded that he would be convicted at trial, based only on the evidence presented at the plea-taking. Under the circumstances, we are reluctant to impose on the trial court responsibilities for imparting information to the defendant in addition to those imposed by the court rules.

Affirmed.

BEASLEY, P.J., concurs in result only.