*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID LEROY BENNETT, also known as DAVID LENORY BENNETT,

        Defendant-Appellant,

and

MICHIGAN PROTECTION AND ADVOCACY SERVICE INC,

        Amicus Curiae.

FOR PUBLICATION
January 21, 2021

No. 350649
Wayne Circuit Court
LC No. 72-055257-01-FH

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

GLEICHER, J. (*concurring*).

I fully concur with the majority opinion. Unconstrained by majority authorship, I write separately to express my view that the Eighth Amendment also prohibits resentencing Bennett to life without parole because of his mental illness diagnosis.

"Protection against disproportionate punishment is the central substantive guarantee of the Eighth Amendment and goes far beyond the manner of determining a defendant's sentence." *Montgomery*, 577 US at ___; 136 S Ct at 732-733; 193 L Ed 2d 599 (2016). The evolving standards of decency underlying the Eight Amendment's proportionality requirement compels me to conclude that successfully treated mental illness cannot serve as the sole basis for imposing a life-without-parole sentence following a *Miller* hearing. The Eight Amendment requires judges to view mental illness as a fact that mitigates an offender's culpability for committing a crime. It logically follows that a juvenile offender's successfully treated mental illness must be regarded as a mitigating factor under the Eighth Amendment.

-1-

The United States Supreme Court has tethered the "evolving standards of decency" paradigm to "objective indicia of society's standards, as expressed in legislative enactments and state practice[.]" *Roper*, 543 US at 563. Mental illness is universally recognized by courts and legislatures as a mitigating factor in sentencing considerations. Judicial recognition that mental illness is mitigating rather than aggravating is abundant. In *Rompilla v Beard*, 545 US 374, 393; 125 S Ct 2456; 162 L Ed 2d 360 (2005), the Supreme Court described that evidence of the defendant's mental illness that had been undiscovered by counsel "adds up to a mitigation case" that bore no relationship to the arguments otherwise presented. Similarly, in *Porter v McCollum*, 558 US 30, 40; 130 S Ct 447; 175 L Ed 2d 398 (2009), the Supreme Court unanimously held that counsel's failure "to uncover and present any evidence of [the defendant's] mental health or mental impairment" during the penalty phase of his trial amounted to the ineffective assistance of counsel.

These cases represent but a handful of expressions of our society's understanding that mental illness is a circumstance that *lessens* an offender's moral culpability. "Numerous state legislatures and courts have concluded that certain mental and emotional states may constitute mitigating factors. Nearly two dozen jurisdictions list as a statutory mitigating circumstance the fact that the defendant's capacity to appreciate the criminality of her conduct was substantially impaired, often as a result of mental defect or disease." Berkman, *Mental Illness as an Aggravating Circumstance in Capital Sentencing*, 89 Colum L Rev 291, 296-297 (1989) (footnotes omitted). Michigan's "guilty but mentally ill" statute, MCL 768.36, was intended by the Legislature to serve beneficent purposes: "(1) to ensure that criminally responsible but mentally ill defendants obtain professional treatment in 'the humane hope of restoring their mental health' while incarcerated or on probation, and, correlatively, (2) to assure the public that a criminally responsible and mentally ill defendant will not be returned to the streets to unleash further violence without having received necessary psychiatric care after sentencing." *People v Booth*, 414 Mich 343, 353-354; 324 NW2d 741 (1982). And Michigan's Mental Health Code, MCL 330.1001 *et seq*., prohibits a court from ordering a person involuntarily committed for mental health treatment absent clear and convincing evidence that:

> (a) An individual who has mental illness, and who as a result of that mental illness can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure himself, herself, or another individual, and who has engaged in an act or acts or made significant threats that are substantially supportive of the expectation.
>
> (b) An individual who has mental illness, and who as a result of that mental illness is unable to attend to those of his or her basic physical needs such as food, clothing, or shelter that must be attended to in order for the individual to avoid serious harm in the near future, and who has demonstrated that inability by failing to attend to those basic physical needs.
>
> (c) An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a

substantial risk of significant physical or mental harm to the individual or others. [MCL 330.1401(1).][1]

See also *Foucha v Louisiana*, 504 US 71, 77; 112 S Ct 1780; 118 L Ed 2d 437 (1992) ("[A]s a matter of due process that it was unconstitutional for a State to continue to confine a harmless, mentally ill person. Even if the initial commitment was permissible, 'it could not constitutionally continue after that basis no longer existed.' ").

The evolving standards of decency reflected in these statutes support that inflicting additional punishment on people with successfully treated mentally illness violates the Eighth Amendment. Allowing treated mental illness to aggravate Bennett's punishment is inconsistent with *Miller*'s proportionality principles and the traditional justifications for punishment. On this ground as well as those detailed in the majority opinion, resentencing to a term of years is a constitutional imperative.

/s/ Elizabeth L. Gleicher

---

[1] "A judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465.