PEOPLE v WALKER

Docket No. 77-1776. Submitted May 8, 1978, at Detroit.—Decided July
17, 1978.

Darrell E. Walker was convicted, on his plea of guilty, of two
counts of second-degree murder in Recorder's Court of Detroit,
Samuel H. Olsen, J. Prior to receiving his plea a competency
hearing was ordered at which only a forensic social worker
testified. He testified to interviewing the defendant and admin-
istering a questionnaire to him. He also testified that the
defendant was examined by a psychiatrist and that the psychia-
trist and the social worker produced a report containing their
conclusions concerning defendant's competency to stand trial.
The report was signed by the psychiatrist as well as the social
worker and the defendant did not object to the testimony or
admission of the report and did not argue for a finding of
incompetency. Defendant appeals his convictions. *Held:*

The admission of the testimony of the forensic social worker
was harmless error.

Affirmed.

CRIMINAL LAW—COMPETENCE TO STAND TRIAL—SOCIAL WORKER'S TES-
TIMONY—PSYCHIATRIC EXAMINATION REPORT.

The admission of the testimony of a forensic social worker at a
competency hearing was harmless error where the defendant
received a psychiatric examination, the report of the examina-
tion presented the unified opinion of the psychiatrist and the
forensic social worker and was cosigned by the psychiatrist, the
social worker's testimony laid the foundation for admission of
the report, and the defendant did not object to the admission of
the testimony or the admission of the report, did not argue for
a finding of incompetency and did not present any evidence at
the hearing.

REFERENCE FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d Evidence § 354.
    21 Am Jur 2d, Criminal Law §§ 68, 69.
    Validity and construction of statutes providing for psychiatric
    examination of accused to determine mental condition. 32 ALR2d
    434.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: CYNAR, P. J., and T. M. BURNS and D. C. RILEY, JJ.

D. C. RILEY, J. This case involves an issue this Court faced in *People v Parney,* 74 Mich App 173; 253 NW2d 698 (1977), namely, whether a forensic social worker can give expert testimony at a court-ordered competency hearing.

Defendant Darrell Walker was charged with two counts of first-degree murder. MCL 750.316; MSA 28.548. On August 5, 1976, he moved for a competency evaluation, which was granted. The next day he was examined by a social worker employed by Detroit Recorder's Court Psychiatric Clinic. The social worker administered a questionnaire to defendant and conducted an interview surrounding the answers to the questions. Defendant was also examined by a psychiatrist. Following these examinations, the social worker and the psychiatrist produced a report containing their conclusions concerning defendant's competency to stand trial.

The competency hearing was held on August 27, 1976. The only witness was the social worker. There was no objection raised as to his qualifications to testify as an expert. He testified as to the procedure used in the examination of defendant and the report prepared together with the psychiatrist was admitted into evidence without objection. On the record, the social worker was not asked, and did not volunteer, his opinion as to defend-

ant's competency other than stating that his conclusion, as contained in the report, had not changed in the interim period from the drafting of the report to the date of the hearing.

Defendant offered no evidence of incompetency at the hearing, and, in fact, did not even make a final argument. Following the social worker's testimony, the court found defendant competent. On January 28, 1977, defendant plead guilty to two counts of the lesser included offense of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to concurrent terms of life imprisonment, with a recommendation for "extensive psychiatric" treatment.

In *People v Parney, supra,* this Court held that a forensic social worker is not qualified to give expert testimony as to competency. The basis for this holding was not the individual capabilities of any particular social worker, but rather the court rule mandate of "psychiatric" evidence concerning competency:

"After cautious and thorough review of the record, we believe the lower court abused its discretion and thereby erred reversibly in qualifying [the social worker] as an expert capable of determining defendant's competence to stand trial on the murder charge. *People v Skowronski,* 61 Mich App 71, 79–80; 232 NW2d 306 (1975). Further, we disagree with *People v Lamont Crawford,* 66 Mich App 581; 239 NW2d 670 (1976), to the extent it holds that *any* member of the forensic center staff, under MCLA 330.2026; MSA 14.800(1026), may determine a defendant's competence to stand trial. Implicit within MCLA 330.2026, we believe, is the assumption that the 'personnel' of the forensic center chosen 'to perform examinations relating to the issue of incompetence to stand trial' must be minimally qualified to do so.[2]

"[2]We note that GCR 1963, 786 requires 'the performance of [a]

forensic *psychiatric* evaluation' on a defendant whose competence is questioned. (Emphasis added.) When statute and court rule collide in an area involving judicial practice and procedure, the court rule, of course, prevails. *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), *People v Joker,* 63 Mich App 421; 234 NW2d 550 (1975). Thus, use of the word 'personnel' in MCLA 330.2026; MSA 14.800(1026) cannot override the command of GCR 1963, 786 that a possibly incompetent defendant be given a forensic *psychiatric* evaluation." (Emphasis in original.) 74 Mich App at 179.

---

Under the *Parney* decision, it was error for the court to have allowed the testimony of the social worker. However, we do not find this error to require reversal, as in *Parney, supra,* for a number of reasons.

Foremost among these reasons are the facts that defendant did receive a *psychiatric* examination and the report was cosigned by the social worker and the psychiatrist. The report itself does not set forth separate conclusions of the two draftors, but rather presented a unified opinion. Even discounting the social worker's testimony and his input into the report, there remains enough psychiatric evidence to minimally support the court's determination of competency. By contrast, in *Parney, supra,* there was no testimony or evidence from a psychiatrist other than an outdated report. While we do not condone the use of the social worker as an expert witness, we do not find an absence of proper evidence as was the case in *Parney.*

In addition, this social worker's testimony was not as substantive as that of the social worker in *Parney.* Here, the social worker did not give an opinion as to competency, but merely set a foundation for the admission of the report. As such, the report, and not the testimony, was the real evidence of the case and, as stated previously, the report was signed by the psychiatrist.

We must also note that the current hearing took

place prior to the release date of the *Parney* decision. While we do not seek to decide in this context whether *Parney* should have retroactive effect, we do recognize that this fact mitigates the trial court's culpability.

Finally, defendant did not object to the testimony or the admission of the report, did not argue for a finding of incompetency, and did not present any evidence at the hearing. These factors, while not determinative on their own, also tend to reduce the magnitude of the error. Accordingly, we find the present case distinguishable from *Parney, supra,* to the extent that the admission of the social worker's testimony was harmless error.

Defendant's other issue, whether the court erred at the plea proceeding in not explaining the differences between the legal elements of first- and second-degree murder, was decided adversely to his claims in *Parney, supra,* at 184–185. Neither the court rule nor Michigan case law requires a court to explain the elements of an offense. GCR 1963, 785.7(1)(a), *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Affirmed.