PEOPLE v JAMES

Docket No. 77-1977. Submitted November 2, 1978, at Grand Rapids.—
Decided December 5, 1978.

Defendant Earl James was convicted of breaking and entering
with intent to commit larceny in Recorder's Court of Detroit,
Samuel H. Olsen, J. On the date set for trial defendant moved
for a competency examination. The trial court arranged an
immediate examination and set a time for a competency hear-
ing at which a Recorder's Court Clinic psychologist testified to
having 13 years experience and a master's degree in psychol-
ogy. Defendant agreed that the psychologist's qualifications
were "acceptable". The psychologist opined that defendant was
competent to stand trial and the court so found. During final
argument the prosecutor read, without objection, the complain-
ant's preliminary examination testimony. Defendant appeals
alleging several errors. *Held:*

    1. It was not reversible error for the court to rest a finding of
competency upon the testimony of a qualified psychologist
where the testimony was founded upon a properly conducted
and supervised psychiatric examination.

    2. Failure to follow a statute or court rule respecting compe-
tency determination does not ipso facto entitle a defendant to a
new trial; evidence substantiating incompetency-in-fact must
establish that there was a violation of rights before a new trial
will be ordered.

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Expert and Opinion Evidence §§ 85-87.

Testimony of examiners under statute providing for psychiatric
examination of accused to determine mental condition. 32 ALR2d
480.

Qualification of nonmedical psychologist to testify as to mental
condition of competency. 78 ALR2d 919.

Validity and construction of statutes providing for psychiatric
examination of accused to determine mental condition. 32 ALR2d
434.

[2] 4 Am Jur 2d, Appeal and Error § 144.

5 Am Jur 2d, Appeal and Error § 782.

[3] 5 Am Jur 2d, Appeal and Error §§ 776, 778, 797, 798.

3. The error in the prosecutor's closing argument was harmless beyond a reasonable doubt.

Affirmed.

1. WITNESSES—CRIMINAL LAW—EXPERT TESTIMONY—COMPETENCY TO STAND TRIAL—PSYCHOLOGISTS.

It was not reversible error for the court to rest a finding of competency to stand trial upon the testimony of a qualified psychologist where the testimony was founded upon a properly conducted and supervised psychiatric examination.

2. CRIMINAL LAW—COMPETENCY DETERMINATION—APPEAL AND ERROR —TECHNICAL ERROR.

Failure to follow a statute or court rule respecting competency determination does not ipso facto entitle a defendant to a new trial; evidence substantiating incompetency-in-fact must establish that there was a violation of rights before a new trial will be ordered.

3. APPEAL AND ERROR—HARMLESS ERROR.

Error in the admission of testimony is harmless: (1) where it is not so offensive to the maintenance of sound judicial process that it can never be regarded as harmless; and (2) where, on review, the reviewing court can declare a belief that the error was harmless beyond a reasonable doubt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Robert Sheiko,* Assistant Prosecuting Attorney, for the people.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

D. E. HOLBROOK, J. Defendant was charged with breaking and entering an unoccupied building with intent to commit larceny, contrary to MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

750.110; MSA 28.305. On March 21, 1977, the date set for trial, defense counsel orally moved for a competency examination, pursuant to MCL 330.2026; MSA 14.800(1026). The trial court had discussed this matter with counsel earlier and had been able to schedule a competency examination in the Recorder's Court Psychiatric Clinic for that morning; the case was adjourned until 2 p.m., at which time a competency hearing would be held. It was agreed that if defendant were found competent to stand trial, a jury would be impanelled immediately following the afternoon hearing.

The only witness to testify at the subsequent competency hearing was a Recorder's Court Clinic psychologist, Theresa Gillis. Miss Gillis testified that she had earned a master's degree in psychology and that she had 13 years of experience at the above clinic. Defense counsel chose not to voir dire Miss Gillis further with respect to her qualifications and agreed that they were "acceptable". Miss Gillis testified that she considered the defendant competent to stand trial. On cross-examination, she related the procedure whereby her office had arrived at this conclusion.

"Well, we were familiar with Mr. James' history because we interviewed him in 1972, and because we were asked to make this evaluation on a short notice, we did not go through the usual history taking that we do. But I had that in my possession already.

"This morning Dr. Samora who is a psychiatrist, and Dr. Kennedy who is a physician, and myself intereviewed Mr. Chatman [sic]."

Miss Gillis then went on to explain the procedure in greater detail. Defense counsel offered no evidence or argument to rebut the clinic's conclusion.

On the basis of Miss Gillis' testimony, the court found the defendant competent to stand trial, and a jury was impanelled. Voluminous testimonial evidence was taken associating the defendant with the alleged offense. An eyewitness account was offered of defendant's entry into the subject building. The arresting officers testified to their apprehension of defendant inside the building. Mr. Silk, owner of the delicatessen wherein the defendant was arrested, identified several articles taken from defendant's pockets as his. During cross-examination of Mr. Silk, defense counsel utilized Silk's testimony at the preliminary examination in an effort to impeach him.

Testifying on his own behalf against the advice of counsel, defendant offered an entirely different account of the circumstances of his arrest and denied making incriminating statements to police. In rebuttal, the officer in charge of the case recounted verbatim several incriminating statements made by the defendant.

During his final argument, the prosecutor read complainant Silk's preliminary examination testimony verbatim to the jury. Defense counsel did not object, however, and so no consideration was given to the potential efficacy of a curative instruction. On March 23, 1977, defendant was found guilty as charged. On March 31, 1977, he was sentenced to from 5 to 10 years in prison and now appeals of right.

The defendant contends the court below erred in the following respects: first, that it was reversible error for the court to rest its finding of competency upon the testimony of a psychologist; next, that the Recorder's Court Clinic's failure to submit a written report constituted reversible error; finally, that the prosecutor's action in reading from the

preliminary examination transcript also constituted reversible error.

This Court has discussed on several previous occasions those credentials which the law deems necessary to qualify one to give expert psychiatric testimony. In *People v Parney,* 74 Mich App 173; 253 NW2d 698 (1977), the defendant was originally evaluated and found competent to stand trial by a psychiatrist. Three months later, in preparation for the defendant's trial on new charges, he was evaluated by a forensic social worker with a master's degree in social work. The expert had several years experience as a social worker, but only limited experience in forensic psychiatry. She found defendant competent to stand trial once again, however this conclusion was challenged on appeal.

The reviewing Court found no evidence, "[o]ther than the fact of her [very limited] employment with the forensic center" that the social worker was equipped to determine defendant's competence to stand trial. 74 Mich App at 179. Said the Court: "her recorded background is bereft of any indication that she is experienced in the application of psychiatric knowledge to the processes of law". 74 Mich App at 180. Furthermore, the Court concluded that "[t]he statutory procedures which become operative after a defendant is found incompetent to stand trial also suggest that assessments of competence are to be performed only by qualified *medical* experts". (Emphasis in original.) 74 Mich App at 182.

In the recent case of *People v Walker,* 84 Mich App 700; 270 NW2d 498 (1978), the substantive testimony at defendant's competency hearing was once again provided by a social worker. In this case, however, the social worker's testimony merely provided a foundation for the admission of

a report coauthored by the witness and a psychiatrist. Defense counsel did not object to the expert's qualifications. The reviewing Court pointed out three separate factors which it considered distinguished *Walker* from the holding of reversible error in *Parney.* First and foremost among these reasons, the Court noted that unlike the situation in *Parney,* where no timely psychiatric evidence was offered, in *Walker* the defendant "did receive a psychiatric examination and the report was cosigned by the social worker and the psychiatrist". (Emphasis omitted.) 84 Mich App at 703. Also, the Court felt that the "social worker's testimony was not as substantive as that of the social worker in *Parney".* 84 Mich App at 703. Finally, the Court found it relevant that the defendant failed to object to the proffered testimony. The defendant's conviction was affirmed.

While *Parney* and *Walker* dealt with the admission of a social worker's testimony as expert testimony, the earlier case of *People v Lamont Crawford,* 66 Mich App 581; 239 NW2d 670 (1976), confronted the same problem faced by this Court: admission of expert testimony by a psychologist. In *Crawford,* the Court first rejected the defendant's contention that only a psychiatrist was qualified to evaluate the defendant or to offer testimony with respect to competency. It held that judged by both common law and statutory standards, a "well-qualified clinical psychologist" was "certainly competent to perform the necessary tests".[1] 66 Mich App

---

[1] The court's conclusion with respect to the qualification of a psychologist to provide expert testimony on these matters was based upon strong precedent. *See People v Lamont Crawford,* 66 Mich App 581, 584–588; 239 NW2d 670 (1976). As noted by the Court in *People v Parney,* 74 Mich App 173, 179; 253 NW2d 698 (1977), the *Crawford* holding was broad enough to allow *any* person associated with the forensic center to provide expert testimony: the *Parney* Court correctly rejected this conclusion.

at 589. It buttressed this holding by pointing out that the evaluating psychologist operated "under the supervision of a psychiatrist at the center"; that his findings were "reviewed and analyzed" by a psychiatrist; and that the psychiatrist cosigned the submitted report. 66 Mich App at 589.

Except that no written report was ever entered, the instant case is indistinguishable from *Crawford*. Further, the three factors emphasized by the *Walker* Court are substantially met herein. We find, therefore, that it was not reversible error for the court to rest a finding of competency upon the testimony of a qualified psychologist, when this testimony is founded upon a properly conducted and properly supervised psychiatric examination.

While it was not error for the court to accept the testimony of a psychologist with respect to defendant's competency to stand trial, the clinic clearly erred in failing to submit a written report to the circuit court. This error does not, however, require reversal in the instant case. We quote with approval this Court's opinion in *People v Belanger*, 73 Mich App 438, 445–446; 252 NW2d 472 (1977), wherein a similar problem was discussed:

"This case is controlled by the recent Supreme Court decision in *People v Lucas*, 393 Mich 522; 227 NW2d 763 (1975). As will be mentioned later in this opinion, defendant does not, on this appeal, contend that he was incompetent to stand trial. He does maintain that the court herein erred in not conducting the competency hearing required by MCLA 767.27a(4); MSA 28.966(11)(4).

\* \* \*

" ' "As we said in *Blocker, supra*, (*People v Blocker*, 393 Mich 501; 227 NW2d 767 [1975]) failure to follow a statute or court rule respecting competency determination does not ipso facto entitle a defendant to a new

trial. Evidence substantiating incompetency-in-fact must establish that there is a violation of rights before a new trial will be ordered. Here, as in *Blocker*, no evidence of incompetence was adduced at trial and no offer of such evidence is now made." 393 Mich at 528. *[People v Tubbs,* 64 Mich App 341, 343–344; 236 NW2d 77 (1975), citing *Lucas.]*

" 'We therefore adopt the *Lucas* remedy. The conviction is affirmed without prejudice to defendant's right to file a delayed motion for new trial if he wishes to claim incompetency.' "

The remedy adopted in *People v Lucas,* 393 Mich 522; 227 NW2d 763 (1975), and in *Belanger, supra,* where no competency hearing was held, is equally appropriate in the instant case.

We disagree with the defendant's final allegation that improper argument by the prosecutor in closing necessitates reversal. Overwhelming evidence of defendant's guilt was given at trial, and the prosecutorial error was not prejudicial. This error was harmless beyond a reasonable doubt under the test adopted in *People v Wichman,* 15 Mich App 110, 116; 166 NW2d 298 (1968), and *People v Lauzon,* 84 Mich App 201; 269 NW2d 524 (1978).

Affirmed.