PEOPLE v SEEFELD

Docket No. 46229. Submitted December 6, 1979, at Lansing.—Decided
January 23, 1980.

William L. Seefeld was charged with first-degree criminal sexual
conduct but, pursuant to a plea agreement, entered a plea of
guilty to second-degree criminal sexual conduct, but mentally
ill, Oakland Circuit Court, William J. Beer, J. The defendant
appeals, alleging that the judge failed to comply with certain
statutory requirements when accepting the defendant's plea of
guilty but mentally ill and that the failure mandates setting
aside the plea. *Held:*

The statute which provides for pleas of guilty but mentally ill
also provides that a judge may not accept such a plea until,
with the defendant's consent, the judge has examined the
required psychiatric report or reports, has held a hearing on
the issue of the defendant's mental illness and is satisfied that
the defendant was mentally ill at the time of the offense. In the
present case, the judge denied the defendant's motion for an
adjournment of sentencing for the purpose of obtaining a
psychiatric examination. The defendant's plea of guilty but
mentally ill was not in compliance with the statutory require-
ments and, as such, is defective and cannot be accepted.

Reversed and remanded.

CRIMINAL LAW — PLEA OF GUILTY BUT MENTALLY ILL — STATUTES.

Pleas of guilty but mentally ill may only be made and accepted
after the plea-taking judge has complied with a statutory
provision which requires the judge to examine psychiatric
reports on a defendant, to hold a hearing on the issue of the

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 45, 46, 48, 492, 494.1.

Necessity and sufficiency of competency hearings, as judged by
federal constitutional standards, in federal cases involving valid-
ity of guilty pleas entered by allegedly mentally incompetent
state convicts. 37 ALR Fed 356.

Compliance with federal constitutional requirement that guilty
pleas be made voluntarily and with understanding, in federal
cases involving allegedly mentally incompetent state convicts. 38
ALR Fed 238.

defendant's mental illness and to be satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered (MCL 768.36[2]; MSA 28.1059[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*James W. McGinnis,* for defendant on appeal.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

PER CURIAM. Defendant, William L. Seefeld, was charged with criminal sexual conduct, first degree, in violation of MCL 750.520b; MSA 28.788(2), arising out of the rape of his younger sister.

Pursuant to a plea agreement, defendant pled guilty but mentally ill to criminal sexual conduct, second degree, in violation of MCL 750.520c; MSA 28.788(3). After being sentenced to not less than 5 nor more than 15 years in the custody of the Department of Corrections as a mentally ill person, defendant appeals as of right.

At the time of, but prior to, sentencing, defendant moved for an adjournment of sentencing for the purpose of obtaining a psychiatric examination. The trial court denied defendant's motion and imposed sentence.

On appeal, defendant claims the following statutory provision is mandatory and that failure to comply when requested to do so mandates setting aside the guilty plea.

MCL 768.36(2); MSA 28.1059(2) provides:

"The judge may not accept a plea of guilty but mentally ill until, with the defendant's consent, he has examined the report or reports prepared pursuant to section 20a, has held a hearing on the issue of the

defendant's mental illness at which either party may present evidence, and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. The reports shall be made a part of the record of the case."

The guilty but mentally ill verdict was newly created as part of the package of bills enacted by the Legislature in 1975 in an effort to protect the public from violence inflicted by persons with mental ailments who slipped through the cracks in the criminal justice system.[1] Pleas of guilty but mentally ill may only be made and accepted after compliance with the statute.[2]

In this case, defendant did not assert a defense of insanity. Neither was defendant referred to the Center for Forensic Psychiatry in accordance with the statute, nor is there any indication the trial judge received any psychiatric or other reports relating to defendant's mental condition.[3] Part of the purpose of the statute is to protect defendants from deprivation of liberty for mental illnesses, except after appropriate psychiatric evaluation. At the same time, the Legislature sought to protect the public from harm and violence by creation of the new verdict of guilty but mentally ill. Failure to comply with the statute defeats its purpose.

The plea of guilty but mentally ill in this case falls far short of compliance with the statutory requirements and, as such, is defective and cannot be accepted. The plea and sentence are set aside and the cause remanded to the trial court for trial on the merits, or for other appropriate proceedings according to law.

Reversed and remanded.

---

[1] 1975 PA 179 and 1975 PA 180. See discussion in *People v Mangiapane,* 85 Mich App 379, 381-391; 271 NW2d 240 (1978).

[2] MCL 768.36(2); MSA 28.1059(2).

[3] In his brief, the prosecutor concedes no reports were examined by the trial judge.