PEOPLE v HICKS

Docket No. 77-3736. Submitted February 5, 1980, at Detroit.—Decided April 3, 1980.

Donald C. Hicks was charged with felony murder and pled guilty but mentally ill to second-degree murder. The Wayne Circuit Court, Joseph G. Rashid, J., did not apprise defendant at the guilty plea hearing of the elements of the offense to which defendant offered his plea. The factual basis elicited from the defendant was such that it did not necessarily support a finding of malicious intent. Defendant appeals. *Held:*

While generally the failure to explain the elements of the crime to which a defendant is offering his plea of guilty will not mandate reversal, the failure to explain to the defendant, a schizophrenic who had periods during which he was unable to recognize reality, the intent necessary to make the homicide second-degree murder, coupled with the failure to elicit from defendant a factual basis which would be sufficient to find that he necessarily had the malicious intent needed to establish that the homicide was second-degree murder, mandates reversal and remand.

Reversed and remanded.

CRIMINAL LAW — PLEA OF GUILTY — ELEMENTS OF OFFENSE —
    SECOND-DEGREE MURDER — INTENT — FACTUAL BASIS.

The failure to inform a defendant prior to the acceptance of his plea of guilty but mentally ill to the offense of second-degree murder of the element of intent mandates reversal where the defendant was a schizophrenic who had periods during which he was unable to recognize reality and the factual basis for the plea did not necessarily support a finding that the malicious intent needed to establish the crime of second-degree murder existed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCES FOR POINTS IN HEADNOTE
[1] 21 Am Jur 2d, Criminal Law §§ 485, 494.1.
    40 Am Jur 2d, Homicide §§ 10, 53, 114, 115.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutors Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Douglas D. Elliard (Carl Ziemba,* of counsel), for defendant.

Before: N. J. KAUFMAN, P.J., and D. E. HOLBROOK, JR. and R. M. MAHER, JJ.

PER CURIAM. Defendant was charged, along with a codefendant, with felony-murder, contrary to MCL 750.316; MSA 28.548. He pled guilty but mentally ill to second-degree murder, MCL 750.317; MSA 28.549, before the Wayne County Circuit Court. Sentenced to imprisonment for 10 to 30 years, defendant now appeals as of right under GCR 1963, 806.1.

Defendant contends the plea-taking court did not take adequate measures to insure the voluntariness of his plea in that the court did not apprise him of the elements of the offense charged, felony-murder, or of the offense to which he was pleading, second-degree murder. Moreover, defendant argues, the court failed to ascertain an adequate factual basis for his plea, especially with regard to the element of intent, as required by GCR 1963, 785.7(3)(a).

We have reviewed the guilty plea transcript and found that defendant is correct in his assertion that he was not apprised of the elements of the offenses. In most instances, this would not be considered error as neither the court rule nor Michigan case law requires a plea-taking court to explain the elements of an offense. GCR 1963, 785.7(1)(a), *Guilty Plea Cases,* 395 Mich 96, 116;

.235 NW2d 132 (1975), *People v Walker,* 84 Mich App 700, 704; 270 NW2d 498 (1978). In the instant case, however, one of the elements defendant asserts that the court neither apprised him of, nor ascertained a factual basis upon, is the element of intent.

A similar situation presented itself in *Henderson v Morgan,* 426 US 637; 96 S Ct 2253; 49 L Ed 2d 108 (1976). In that case, the defendant was also charged with first-degree murder and eventually pled guilty to second-degree murder. He also argued that this plea was involuntary since the plea-taking court did not discuss the elements of the offense of second-degree murder or refer to the requirement of intent to cause the death of the victim. The United States Supreme Court agreed that the plea was not voluntary because the defendant never received real notice of the charge against him. The *Henderson* Court noted at 647, fn 18:

"There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not. Nevertheless, intent is such a critical element of the offense of second-degree murder that notice of that element is required."

The *Henderson* Court further stated at 647:

"Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in

sufficient detail to give the accused notice of what he is being asked to admit."

In determining that defendant was not effectively apprised of the nature of the charge against him, the *Henderson* Court considered the following factors important: defendant was of below average intelligence; the charge of second-degree murder was never formally read; defendant did not stipulate to the existence of the requisite intent; and defendant had made no factual statement or admission necessarily implying that he had such intent. See *Henderson, supra,* 645-649.

These factors exist in the case at bar as well. The defendant was diagnosed as a schizophrenic who had periods during which he was unable to recognize reality. The charge of second-degree murder was never formally read to the defendant because he, like the defendant in *Henderson,* was originally charged with first-degree murder. There was no stipulation by defense counsel that the requisite intent was present at the time of the alleged crime. Finally, defendant's statement of a factual basis for his plea would not necessarily support a finding of intent. The defendant merely admitted to having agreed with his codefendant that the victim should be hit or struck. This does not constitute a sufficient factual basis for a finding of malice. The natural tendency of the defendant's behavior, in aiding and abetting in the hitting of the victim, would not cause death or great bodily harm.

Therefore, we find the instant case to be controlled by the *Henderson* decision. Accordingly, we reverse defendant's guilty plea and remand for a trial upon the charge of second-degree murder.