PEOPLE v CLARK

Docket No. 65838. Submitted April 14, 1983, at Detroit.—Decided
    September 27, 1983.

David A. Clark pled guilty to a charge of first-degree criminal
    sexual conduct, but mentally ill, Muskegon Circuit Court, Ron-
    ald H. Pannucci, J. On appeal, the Court of Appeals remanded
    the case to the trial court for an evidentiary hearing to allow
    the prosecution to supply the element of physical injury to the
    victim, which element had not been established by direct
    questioning of the defendant at the plea-taking proceeding.
    (Docket No. 55845, order of January 27, 1982 [unreported]). At
    the hearing the defendant moved to withdraw his plea, assert-
    ing that the plea had not been knowingly entered in the first
    instance. The trial court denied the motion to withdraw, and
    the defendant's plea of guilty but mentally ill was accepted.
    Defendant appealed. *Held:*

    The trial court properly accepted defendant's plea. The defen-
    dant, intending to receive the benefits of pleading guilty but
    mentally ill, knowingly and intelligently wished to and did
    plead guilty but mentally ill.

    Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

    Direct questioning of a defendant to elicit a factual basis for a
    guilty plea is necessary to insure that the plea is made volunta-
    rily and intelligently, as a precaution against involuntary or
    induced false pleas and against subsequent false assertions of
    innocence; the burden is not on the defendant to know whether
    or not he is legally guilty.

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

    A factual basis for a guilty plea is sufficient if an inculpatory
    inference can be drawn from what the defendant has admitted,
    even if the defendant has denied an element of the crime.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 486, 489.
[4, 5] 21 Am Jur 2d, Criminal Law § 129.

3. Criminal Law — Guilty Pleas — Factual Basis for Plea.

    A trial court may establish an element of a crime to which a defendant is pleading guilty by some method other than direct questioning of the defendant if the factual basis of the offense is not established after a conscientious effort at questioning.

4. Criminal Law — Guilty Pleas — Guilty but Mentally Ill.

    A plea of guilty but mentally ill is not the functional equivalent of a plea of guilty or of nolo contendere but a plea of guilty but mentally ill may be accepted by a court even though the governing court rule does not specifically deal with that type of plea (GCR 1963, 785.7).

5. Criminal Law — Guilty but Mentally Ill.

    A main reason behind a finding of guilty but mentally ill is to allow a defendant who is criminally responsible but mentally ill to obtain professional treatment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Judith K. Simonson,* Senior Assistant Prosecuting Attorney, for the people.

*Marcus, Vander Ploeg, Ruck, Mullally & Wells* (by *Leslie C. Bowen),* for defendant on appeal.

Before: T. M. Burns, P.J., and R. M. Maher and Cynar, JJ.

T. M. Burns, P.J. On November 4, 1980, defendant pled guilty of first-degree criminal sexual conduct, but mentally ill, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and was subsequently sentenced to a term of from 15 to 50 years imprisonment. He appealed as of right. On January 27, 1982, this Court remanded this case. (Docket No. 55845, unreported.) On March 8, 1982, the trial court denied defendant's motion to withdraw his guilty plea. He again appeals as of right.

When defendant pled guilty but mentally ill, the trial court had some difficulty in eliciting a com-

plete factual basis through direct questioning. A number of times, defendant insisted that the victim had not been physically injured. Of course, without physical injury, the offense would only be third-degree criminal sexual conduct. MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). Consequently, the parties agreed that the trial court could look at the preliminary examination transcript to support this "missing element". On appeal, this Court, relying on *People v Booth,* 86 Mich App 646; 273 NW2d 510 (1978), held that the trial court erred in relying on the preliminary examination transcript to supply the factual basis for a non-nolo contendere plea.[1] Therefore, this Court remanded the case to the trial court for an evidentiary hearing to allow the prosecution to supply the missing element. Pursuant to the procedure set up in the *Guilty Plea Cases,* 395 Mich 96, 129; 235 NW2d 132 (1975), *cert den* 429 US 1108; 97 S Ct 1142; 51 L Ed 2d 561 (1977), if the prosecution established the missing element, but contrary evidence was also adduced, the trial court was to treat the matter as a motion to withdraw the plea. Needless to say, the prosecution presented evidence that the complainant had been physically injured and defendant presented evidence to the contrary. Before both the trial court and this Court, defendant argues that he should be allowed to withdraw his plea of guilty but mentally ill because his plea was not knowingly made in the first place.

On its face, defendant's argument is very convincing. When a person pleads guilty to a crime, we have found it very important that the plea be *knowingly* made. In fact, this is one of the main

---

[1] *Booth* has subsequently been reversed. 414 Mich 343; 324 NW2d 741 (1982). However, because neither party appealed this Court's original decision, that decision is the law of the case. *People v Murry,* 106 Mich App 257, 261; 307 NW2d 464 (1981).

reasons behind the requirement in this state that the factual basis be elicited through direct questioning. Direct questioning is a precaution against involuntary or induced false pleas and against subsequent false assertions of innocence. *People v Barrows,* 358 Mich 267; 99 NW2d 347 (1959). It is necessary to insure that the plea has been made both voluntarily and intelligently. *People v Martinez,* 123 Mich App 145; 333 NW2d 199 (1983). We do not place the burden on the defendant to know whether or not he is legally guilty. *People v Atcher,* 57 Mich App 148, 150; 226 NW2d 77 (1974).

A factual basis is sufficient if an inculpatory inference can be drawn from what the defendant has admitted. *Guilty Plea Cases, supra,* 395 Mich 128-132. However, even if what defendant admits is insufficient, the trial court may at times accept the plea. If a trial court fails to establish the factual basis after a conscientious effort, it may establish the element through some other method. *Guilty Plea Cases, supra,* 395 Mich 134, fn 3; *People v Kedo,* 108 Mich App 310; 310 NW2d 224 (1981). Such a procedure is particularly appropriate if the defendant does not personally know whether or not a particular element of the crime was established. *Martinez, supra.*

A particular problem arises, however, if the defendant specifically denies an element. In essence, rather than focusing on whether or not the plea was knowingly made, courts focus on the factual basis. Therefore, even if the defendant denies an element of the crime, the trial court may properly accept the plea if an inculpatory inference can still be drawn from what the defendant says. *People v Haack,* 396 Mich 367; 240 NW2d 704 (1976). However, if the inculpatory

inference cannot be drawn, the trial court may not accept a plea. *People v Stewart,* 69 Mich App 528; 245 NW2d 121 (1976); *People v Mason,* 13 Mich App 277; 164 NW2d 407 (1968). Therefore, where an inculpatory inference cannot be drawn and where the defendant has denied an element, the defendant has not knowingly pled to the offense charged:

"The provision that 'the court shall examine the accused * * * and * * * shall ascertain that the plea was * * * understandingly * * * made' requires the judge to conduct such an examination as to show that what the defendant actually did was indeed a crime or otherwise he could not understandingly plead guilty. If what he did was actually not a crime, then if he pled guilty to it, it would not be an understanding plea." *People v Taylor,* 387 Mich 209, 224; 195 NW2d 856 (1972). (Footnote omitted.)

Therefore, to a certain extent, it is irrelevant that the prosecution produced sufficient evidence of physical injury and the trial court clearly disbelieved defendant when it denied the motion to withdraw the plea. The issue is whether or not the plea was knowingly entered in the first place. If the trial court should not have accepted the plea in the first place, it abused its discretion in denying defendant's motion to withdraw.

However, defendant's argument assumes that a plea of guilty but mentally ill is the functional equivalent of a guilty plea. In making this assertion, defendant relies on *People v Long,* 86 Mich App 676, 683; 273 NW2d 519 (1978):

"Assuming that a plea's elements are the same as those of a jury verdict or bench trial finding, it is obvious that, with regard to the required findings, a plea of guilty but mentally ill is distinguished from a

plea of guilty only by the additional element of mental illness."

*Long,* however, was subsequently reversed in *People v Booth,* 414 Mich 343; 324 NW2d 741 (1982). There, the Supreme Court ruled that the plea of guilty but mentally ill, pursuant to MCL 768.36(2); MSA 28.1059(2) is quite different from either a plea of guilty or nolo contendere. But merely because GCR 1963, 785.7 has not yet been amended by the Supreme Court to deal with this type of plea does not mean that a defendant cannot plead guilty but mentally ill. 414 Mich 356-358.

In *Booth,* the defendants themselves could not sufficiently remember what had happened to supply the factual basis. The Supreme Court held that the trial court could use the preliminary examination to supply this factual basis. If the defendants had pled guilty, such a procedure would have been improper. 414 Mich 357; *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974). If the defendants had pled nolo contendere, the procedure would have been defective because the trial court failed to state on the record a reason why the nolo contendere pleas were appropriate and instead partially interrogated the defendants about the crimes. 414 Mich 357; *Guilty Plea Cases, supra,* 395 Mich 132-135.

In affirming the convictions, the Supreme Court relied on *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970). There, the defendant had pled guilty to second-degree murder because he otherwise might have faced the death penalty if a jury convicted him of first-degree murder. However, to a certain extent, he protested his innocence. Yet, the Supreme Court did not find

that the defendant therefore had not knowingly pled guilty as a matter of federal constitutional law. Because the defendant wished to avoid even the possibility of the death penalty and because a sufficient factual basis existed to support the plea, the Supreme Court affirmed the conviction.

Similar ideas have been raised in Michigan:

"Many situations come readily to mind in which a defendant may protest his innocence altogether and still offer to plead guilty intelligently, deliberately and freely.

*   *   *

"Many defendants faced with serious charges, particularly those who have criminal records, or who are found in incriminating circumstances or who may be aware that alleged victims of the crime will testify against them, may wish to plead guilty to a lesser offense rather than face a possible heavy sentence on conviction of a higher charge, despite their honest belief in their innocence.

*   *   *

"[N]o reason appears to require a judge to set aside a plea against the wishes of a defendant offering it because he expresses doubts about his guilt.

"On the contrary, reason would seem to say that a judge would encourage truthful answers to questions about the defendant's participation in the crime and the circumstances prompting the plea by assuring the defendant that truthful answers—even that he thinks that he is innocent—would not necessarily require rejection of his plea. We believe this is a better way to avoid canned answers to canned questions." *People v Wolff,* 389 Mich 398, 413, 414, 415; 208 NW2d 457 (1973) (T. G. Kavanagh, J., *concurring).*

In *People v Bartlett,* 17 Mich App 205, 208, 211; 169 NW2d 337 (1969), this Court stated:

"Doubt as to the defendant's guilt, even if entertained

by the accused person himself, does not necessarily preclude a trial judge from accepting a plea of guilty.

\* \* \*

"A defendant who desires to plead guilty to a reduced charge but who entertains doubt as to his guilt should not be required to stultify himself to obtain the benefit of the opportunity to plead to the lesser charge. A rule of law which would require a person desiring to offer a plea of guilty to admit the inevitability of his conviction upon trial would require an accused person who thinks he has a defense but might well be convicted to either state to the court that which he does not conscientiously believe or possibly forego the very real benefit of 'copping out' to an offense carrying a shorter sentence than that of which he might well be convicted upon trial."[2]

In *Booth,* 114 Mich 359, the Supreme Court, following this analysis, stated: "We would not force an unwilling defendant to go to trial if he wishes to avoid the risks and perhaps the degradation inherent in cases such as these." One of the main reasons behind the guilty but mentally ill verdict is to allow a defendant criminally responsible but mentally ill to obtain professional treatment. *Booth,* 414 Mich 353-354; *People v Seefeld,* 95 Mich App 197; 290 NW2d 123 (1980).

In the present case, the main focus of the proceeding at which defendant pled guilty but mentally ill was defendant's need for psychiatric help. In fact, he had attempted suicide twice while in jail before his plea. When asked, he said that he wished to plead guilty but mentally ill and that he in fact understood the charge against him. He also

---

[2] Although *Wolff* and *Bartlett* were guilty plea cases, we would hesitate to follow this analysis in a guilty plea today. First, both were decided before the present GCR 1963, 785.7 was promulgated. Second, both were decided before *Guilty Plea Cases* was decided. Third, at least *Bartlett* was decided before the Legislature had authorized the nolo contendere plea. See *Booth,* 414 Mich 361, fn 17. If a defendant wishes to plead but does not want to admit his guilt and does not want to plead guilty but mentally ill, the best procedure would be to have him plead nolo contendere.

admitted having discussed the matter with his attorney. In fact, after defendant denied the physical injury element, the trial court specifically told defendant that he could have a jury trial if he wished. Defendant responded that he wished to proceed with the plea.

In essence, defendant's argument now is that the trial court should have allowed him to withdraw his plea because it was not properly accepted in the first place because it had not been knowingly made. Based on these considerations, we believe that the plea was knowingly made. Even though defendant seems to have subsequently changed his mind, based on the record, we are convinced that he, intending to receive the benefits of pleading guilty but mentally ill, knowingly and intelligently wished to and in fact did plead guilty but mentally ill. Therefore, we conclude that the trial court properly accepted the plea. The trial court did not abuse its discretion in subsequently denying defendant's request to withdraw it.

*People v Hicks,* 96 Mich App 610; 293 NW2d 646 (1980), cited by defendant, is distinguishable. There, the defendant pled guilty but mentally ill to a charge of second-degree murder. This Court reversed the conviction, ruling that the defendant had not knowingly pled to the charge. However, as this Court stated, intent to murder is a very special element. Because the defendant had not been informed of this element, under the circumstances of the case, the plea was not knowingly made. In *Hicks,* the charge was never read to the defendant. In the present case, the prosecutor and the trial judge read the charge to the defendant. For the reasons expressed above, we believe that the defendant entered a knowing plea.

Affirmed.

R. M. Maher, J., concurs in the result only.