PEOPLE v BLUE

Docket No. 74350. Argued March 3, 1987 (Calendar No. 2). Decided
    August 24, 1987.

Charles Blue pled guilty but mentally ill in the Genesee Circuit
    Court, Thomas C. Yeotis, J., of assault with intent to rob while
    armed. The defendant did not file formal notice of an intent to
    assert an insanity defense. The Court of Appeals, ALLEN, P.J.,
    and V. J. BRENNAN and N. J. KAUFMAN, JJ., reversed in an
    unpublished opinion per curiam (Docket No. 67079). The people
    appeal.

    In a unanimous opinion by Justice GRIFFIN, the Supreme
    Court held:

    A court, under some circumstances, may accept a plea of
    guilty but mentally ill of a criminal charge where there is less
    than strict compliance with procedural requirements of the
    statute.

    1. A defendant who wishes to assert a defense of insanity is
    required by statute to formally so notify the court and the
    prosecutor prior to trial and undergo forensic examination.
    Thereafter, the court, with the consent of the defendant, is
    required by statute to examine the reports of the examination
    and conduct a hearing on the issue of the defendant's mental
    illness, and, where satisfied that the defendant was mentally ill
    at the time of the offense, with the approval of the prosecutor,
    may accept a plea of guilty but mentally ill in lieu of a plea of
    guilty or nolo contendere.

    2. In this case, while the prosecutor and the trial court had
    actual notice that the defendant would assert an insanity
    defense, the formal notice contemplated in the statute was not
    filed. However, the notice given was adequate in that it
    achieved the dual purpose of the notice requirement: to fore-
    warn the prosecutor and to initiate the forensic examination.
    However, because the trial court did not examine the forensic
    report before accepting the defendant's plea, and in light of the

REFERENCES

Am Jur 2d, Criminal Law §§ 66 et seq.

See the annotations in the Index to Annotations under Incompetent
and Insane Persons.

fact that both parties had copies of the report but did not alert the court as to their existence during the plea hearing, remand to the trial court is required for consideration of the psychiatric report to determine whether the plea was acceptable at the time proffered in light of all the circumstances. If so, the conviction is to stand affirmed. If the trial court determines that, in light of the report, the plea should not have been accepted, the defendant should be permitted to withdraw his plea and the case should be scheduled for trial.

Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — GUILTY BUT MENTALLY ILL.

A court, under some circumstances, may accept a plea of guilty but mentally ill of a criminal charge where there is less than strict compliance with procedural requirements (MCL 768.20a, 768.36[2]; MSA 28.1043[1], 28.1059[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Martin A. Tyckoski* for the defendant.

GRIFFIN, J. We are asked to review the acceptance by a trial court of the plea of "guilty but mentally ill" of a criminal charge where there was less than strict compliance with procedural requirements laid down by statute.

In this case, there were two procedural defects. First, although the prosecutor and the trial court had timely actual notice that defendant Blue would assert an insanity-type defense, the formal notice contemplated by the statute was not filed. Second, although it appears that the prosecutor and defense counsel each had a copy of the report of a psychiatric examination ordered by the court, in which the examiner opined that at the time of the alleged offense defendant was neither insane nor mentally ill, the report was not made avail-

able to the trial court even though the statute requires court examination prior to acceptance of the plea.

We hold that the notice provided in this case was adequate to satisfy the purposes of the statute. However, because we conclude that the trial court should have examined the report before accepting the plea, we remand the case to the trial court for examination of the forensic center's criminal responsibility report to determine whether the plea of guilty but mentally ill was acceptable in light of all the circumstances.

I

Defendant Blue was charged with assault with intent to commit armed robbery. On December 21, 1981, his counsel presented an oral motion requesting that Blue be examined by the Center for Forensic Psychiatry. Circuit Judge Thomas C. Yeotis granted the motion, and, on December 28, 1981, he entered an order, which had been prepared by the prosecutor, to have the defendant examined "to determine both his competency to stand trial and his criminal responsibility at the time of the alleged crime . . . ."

On February 17, 1982, Dr. Ira K. Packer, a certified forensic examiner, issued his written report addressed to the trial court, recommending that the defendant be adjudged competent to stand trial. A second written report issued by Dr. Packer was addressed to Mr. Robert Weiss, the prosecutor, and to Mr. John Connolly, defense counsel. In his second report, also dated February 17, 1982, Dr. Packer concluded that at the time of the alleged offense the defendant "was not legally insane" and that there was "no evidence that [the defendant] was mentally ill as defined in the statute . . . ."

The second report was sent to the prosecutor and the defense attorney pursuant to MCL 768.20a(6); MSA 28.1043(1)(6); however, when the plea was tendered the report was not provided to the trial court.

On March 15, 1982, the trial court, after hearing testimony given by Dr. Packer, found the defendant competent to stand trial. On April 7, 1982, defendant tendered a plea of guilty but mentally ill to the charge of assault with intent to commit armed robbery, MCL 750.89; MSA 28.284, as part of a plea bargain, in exchange for dismissal of an unrelated armed robbery charge which was pending in district court. A hearing was held the same day, and defendant called as a witness Mary Alice Sutherland, a registered nurse employed by the Genesee County Community Mental Health Services, who testified that at the time of the charged offense the defendant was mentally ill, but not insane. No other evidence was presented. The trial court made a finding that the defendant was mentally ill and accepted his plea of guilty but mentally ill. Later on July 7, 1982, the defendant was sentenced to serve twenty to forty years in prison.

Defendant subsequently argued in the Court of Appeals that his plea should be set aside because of failure to comply strictly with the statute's requirements for accepting a plea of guilty but mentally ill. The Court of Appeals "set aside" the defendant's conviction, concluding:

> [W]e find no support for the view that a trial court has jurisdiction to accept a plea in the absence of an insanity defense and the required § 20a report. The plain language of MCL 768.36; MSA 28.1059 indicates that prior to acceptance of a valid guilty but mentally ill plea, the defendant must have asserted a notice of intent to claim an insanity defense and have undergone an examina-

tion pursuant to § 20a; thus, the provisions of § 20a will always be applicable in a guilty but mentally ill plea situation. [*People v Blue*, unpublished opinion per curiam of the Court of Appeals, decided May 22, 1984 (Docket No. 67079), p 5.]

The prosecutor applied for, and we granted, leave to appeal. 424 Mich 876 (1986).

II

Defendant Blue does not contest the trial court's adjudication of his criminal responsibility. He does not claim, nor did he ever claim, that he did not understand the nature of the charges and the consequences of his plea. He has not alleged that he was not mentally ill at the time of the offense. Rather, he challenges the validity of his plea because of noncompliance with the procedures prescribed by statute for accepting a plea of guilty but mentally ill.

MCL 768.36(2); MSA 28.1059(2) provides:

(2) If the defendant asserts a defense of insanity in compliance with section 20a and the defendant waives his right to trial, by jury or by judge, the trial judge, with the approval of the prosecuting attorney, may accept a plea of guilty but mentally ill in lieu of a plea of guilty or a plea of nolo contendere. The judge may not accept a plea of guilty but mentally ill until, with the defendant's consent, he has examined the report or reports prepared pursuant to section 20a, has held a hearing on the issue of the defendant's mental illness at which either party may present evidence, and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. The reports shall be made a part of the record of the case.

MCL 768.20a; MSA 28.1043(1) provides in pertinent part:

(1) If a defendant in a felony case proposes to offer in his or her defense testimony to establish his or her insanity at the time of an alleged offense, the defendant shall file and serve upon the court and the prosecuting attorney a notice in writing of his or her intention to assert the defense of insanity not less than 30 days before the date set for trial of the case, or at such other time as the court directs.

Defendant first contends that his plea should be set aside because he did not file the requisite written notice of intent to assert the defense of insanity pursuant to the above statutes.

We have held that technical noncompliance with the court rules in accepting a plea of guilty or nolo contendere does not necessarily require reversal. *In re Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975). Whether a particular departure requires reversal "depend[s] on the nature of the noncompliance." *Id.*

This Court has recognized that the trial court may properly accept a plea of guilty but mentally ill where the parties, by stipulation, have waived strict compliance with provisions of the statute. *People v Booth,* 414 Mich 343; 324 NW2d 741 (1982). Thus, although the statute expressly provides that the judge may not accept a plea of guilty but mentally ill until he "has held a hearing on the issue of the defendant's mental illness," MCL 768.36(2); MSA 28.1059(2), the Court in *Booth* found no impediment to the entry of the plea even though no hearing was held. The Court said:

The trial judge next focused his attention upon the question of defendant Booth's mental illness at the time of the offense. The prosecutor reported that, in lieu of a hearing on the issue of mental illness, the parties had stipulated to the trial

court's use of reports and letters prepared by the psychiatric examiners to ascertain mental illness (the parties also agreed that the examiners would be produced if necessary to the trial court's determination). The proffered documents were admitted into evidence without objection. On the basis of the documents presented, the trial judge found that defendant Booth had not been insane at the time of the offense, but had been mentally ill as a result of voluntary drug-alcohol intoxication. [*Booth, supra,* p 351.]

Here, although no written notice of an insanity defense was filed, we believe that the dual purpose of the notice requirement was achieved. The notice requirement serves not only to "forewarn the prosecutor," *People v Stratton,* 13 Mich App 350, 354; 164 NW2d 555 (1968), but also to trigger the forensic examination which is required by statute as the basis for the guilty but mentally ill verdict.

In this case, it is clear that the prosecution and trial court had timely actual notice that the defendant would assert an insanity-type defense. After defendant's counsel orally petitioned for a psychiatric examination of the defendant, the prosecutor prepared, and the trial court signed, the order which authorized the Center for Forensic Psychiatry to examine the defendant. Defendant Blue was then examined in accordance with the procedures set forth in § 20a. We cannot say that failure to file the required written notice resulted in a miscarriage of justice in this case:

A convicted defendant no longer enjoys the presumption of innocence. *People v Fritch* (1910), 161 Mich 111 [125 NW 785]; 1 Wharton, Criminal Evidence (12th ed), § 93, p 189; 29 Am Jur 2d, Evidence, § 225, page 276. He has the burden of showing something more than technical noncompliance with a rule. Absent a showing of violation

or denial of constitutional rights, he has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice. [*People v Winegar*, 380 Mich 719, 733; 158 NW2d 395 (1968), cert den 395 US 971 (1969).]

See also MCL 769.26; MSA 28.1096; MCR 2.613(A); *People v Collins*, 380 Mich 131, 135; 156 NW2d 566 (1968).

III

Defendant also argues that his plea must be set aside because the trial court, prior to accepting the plea, did not examine the forensic report on the defendant's mental condition at the time of the offense as required by MCL 768.36(2); MSA 28.1059(2).

Defendant relies on *People v Seefeld*, 95 Mich App 197, 199; 290 NW2d 123 (1980), where the defendant was not "referred to the Center for Forensic Psychiatry in accordance with the statute, nor is there any indication the trial judge received any psychiatric or other reports relating to defendant's mental condition." Seefeld moved for an adjournment of his sentencing to obtain a psychiatric examination and report on his mental condition at the time of the offense. The trial court denied his motion and imposed sentence. The Court of Appeals set aside Seefeld's plea of guilty but mentally ill on the ground that the plea fell "far short of compliance with the statutory requirements . . . ." *Seefeld, supra*, p 199.

The prosecution contends in this case that lack of strict compliance with statutory procedures was harmless error, citing by analogy *People v James*, 87 Mich App 412; 274 NW2d 801 (1978). In *James*,

the trial court's finding of trial competency was made with the benefit of the testimony of a psychologist, but without the Recorder's Court Psychiatric Clinic written report. The Court of Appeals affirmed the conviction even though the clinic erred in failing to submit the written report to the court, contrary to the relevant statute. In reaching that result the Court made reference to the decisions in *People v Belanger,* 73 Mich App 438; 252 NW2d 472 (1977), and *People v Blocker,* 393 Mich 501; 227 NW2d 767 (1975), where the Supreme Court said that the failure to follow a statute or court rule respecting a competency determination does not ipso facto entitle the defendant to a new trial.

In the instant case, the written criminal responsibility report prepared by Dr. Packer, the certified forensic examiner, was never reviewed by the trial court, contrary to MCL 768.36(2); MSA 28.1059(2). Although both the prosecution and defense counsel received a copy of the forensic center report on criminal responsibility, they failed to provide it to the trial court at the plea hearing. Unlike *James, supra,* there was no testimony from the forensic examiner in lieu of the written report. Thus, it appears that the trial court never knew that, contrary to the conclusions of the defendant's expert witness, a certified examiner from the Center for Forensic Psychiatry found "no evidence that [the defendant] was mentally ill as defined in the statute at the time of the alleged offense."[1] We regard the withholding of the report from the trial

[1] Defendant argues that the statute prohibits the trial court from examining this report without "the defendant's consent." MCL 768.36(2); MSA 28.1059(2). However, this interpretation would frustrate the procedures set forth by the Legislature for accepting this plea. Thus, we believe the defendant consented to that review by the trial court of the report when he requested the court consider his guilty but mentally ill plea.

court's consideration under these circumstances to be a serious deviation from the statute's requirements.

The verdict of "guilty but mentally ill" was introduced into Michigan jurisprudence in 1975 with a twofold purpose:

> (1) to ensure that criminally responsible but mentally ill defendants obtain professional treatment in "the humane hope of restoring their mental health" while incarcerated or on probation, and, correlatively, (2) to assure the public that a criminally responsible and mentally ill defendant will not be returned to the streets to unleash further violence without having received necessary psychiatric care after sentencing.
>
> * * *
>
> The guilty but mentally ill statute is broadly addressed to the creation of an altogether different verdict, one which encompasses findings of both criminal responsibility and mental illness. Understandably, the Legislature settled upon the phrase "guilty but mentally ill" to describe this new verdict. That the Legislature also bestowed this appellation upon the plea envisioned by the guilty but mentally ill statute appears to be indicative of a desire for uniformity of phraseology within the confines of the statute. Thus, "guilty but mentally ill" can be viewed as a generic phrase denoting the result which may be obtained under the statute— an adjudication of criminal responsibility as well as mental illness at the time of the crime.
>
> Our interpretation of the guilty but mentally ill statute is reinforced by the fact that a plea of "guilty but mentally ill" is to be accepted "in lieu of" a plea of guilty or nolo contendere. This language suggests that where questions of mental illness must be determined in addition to the usual question of criminal liability (to which the traditional pleas are solely addressed), the plea established by MCL 768.36(2); MSA 28.1059(2) acts as

an addition to the more traditional forms of pleas.[2] [*Booth, supra,* pp 353-354, 355-356.]

See also *People v Ramsey,* 422 Mich 500, 512; 375 NW2d 297 (1985); *People v McLeod,* 407 Mich 632; 288 NW2d 909 (1980); *People v Darden,* 132 Mich App 154, 158; 346 NW2d 915 (1984); *People v Clark,* 129 Mich App 119, 126; 341 NW2d 248 (1983); *People v Delaughter,* 124 Mich App 356, 361; 335 NW2d 37 (1983).

The personnel of the Center for Forensic Psychiatry are charged with evaluating a defendant's mental condition at the time of the offense and reporting their findings.[3] MCL 768.20a(6); MSA 28.1043(1)(6). The trial court must obtain this information on the defendant's mental condition at the time of the offense to properly exercise its discretion in determining whether to accept a guilty but mentally ill plea. MCL 768.36(2); MSA 28.1059(2). Cf. *People v McLeod, supra,* p 658. The parties may not stipulate to deny the trial court access to this necessary information in reaching its decision:

> The prosecutor and defendant do not have the right to present the trial court with a *fait accompli.* [T]he judge must be allowed to exercise his discretion; his role is not simply ministerial. The judge is not merely a rubber stamp with which the

[2] Since the Legislature has established an offense for which the Supreme Court has provided no procedure via court rule, the "[r]ules of practice set forth in any statute, if not in conflict with any of these rules, are effective until superseded by rules adopted by the Supreme Court." MCR 1.104 (formerly GCR 1963, 16). See also *Booth, supra,* pp 357-358.

[3] One study concluded that Michigan's Center for Forensic Psychiatry "is an influential factor in any case in which insanity is raised as a defense." Smith & Hall, Project, *Evaluating Michigan's guilty but mentally ill verdict: An empirical study,* 16 U Mich J L Ref 77, 104 (1982). It found among other things that "over 80% of those found [guilty but mentally ill] have been certified as [criminally] responsible by the Forensic Center." *Id.,* pp 102-103.

bargain is sealed. [*People v Ott,* 144 Mich App 76, 80; 372 NW2d 694 (1985).]

As we stated in *Booth, supra,* p 354, "the guilty but mentally ill statute should apply to those whom it was intended to assist."

It is important to recognize that the guilty but mentally ill plea carries with it consequences which are distinct from those that follow a plea of guilty. For example, the statute makes clear that acceptance of a defendant's plea of guilty but mentally ill imposes an obligation upon the state to provide "such treatment as is psychiatrically indicated for his mental illness . . . ." MCL 768.36(3); MSA 28.1059(3). See also *McLeod, supra,* p 652. Requiring compliance with the statute helps to ensure that limited state resources will be made available to those prison inmates who truly require treatment.

In addition, we believe that compliance with the statute should reduce the possibility that a defendant will offer the plea of guilty but mentally ill under the mistaken impression that he is going to receive a lighter sentence. As is the case where a nolo contendere plea is offered, see MCR 6.101(F)(3), we require that the plea of guilty but mentally ill be accepted only in appropriate situations.

Although errorless plea taking is the primary responsibility of the trial judge, see *In re Guilty Plea Cases, supra,* p 135, the present circumstances clearly indicate that both the prosecutor and defense counsel could and should have brought to the trial court's attention the error of omission which now requires our review. This Court has previously exhorted the courts and the bar to coöperate in a just and expeditious plea procedure without the burden of unnecessary review:

[W]e shall look to counsel in all criminal cases to advise their clients to the best of their ability, and as well or better than the high standard that the State Bar will seek to impose. But further than that this Court, regarding attorneys as officers of the court, will look to them to coöperate with the courts and not only see that their clients are personally well advised by them, but that the court will be assisted to see that all of a client's rights are protected on the record. An attorney will do this not only in fulfillment of his oath and duty as an attorney, but also because any petition for review that is based on the defendant seeking a plea review on the grounds he did not enter his plea understandingly is a reflection on both the court and the defendant's counsel, and incidentally insofar as proper procedure could have avoided the necessity of review, a burden on the administration of justice, and a disservice, if not an injustice, to others who have occasion to employ or operate the machinery of justice. [*People v Jaworski,* 387 Mich 21, 33; 194 NW2d 868 (1972). See also *Guilty Plea Cases, supra,* pp 135-136.]

In the present context, this admonition is equally compelling. MCL 768.36(2); MSA 28.1059(2) requires that "[t]he judge may not accept a plea of guilty but mentally ill until, with the defendant's consent, he has examined the report or reports prepared pursuant to section 20a . . . ." It appears that both the prosecutor and defense counsel had the § 20a report in their hands, but did not, for one reason or another, alert the trial court during the plea process either of the existence of the report or of its contents. In light of the clear mandate of the statute, we find troubling and inexcusable such conduct on the part of officers of the court.

In *Guilty Plea Cases, supra,* pp 128-129, the Supreme Court remanded *People v Simpson* and *People v Neal* to the trial court "to accord the

prosecutor an opportunity to supply the missing element" in establishing the factual basis for those guilty pleas. The facts of the present case dictate a similar course of action.

Accordingly, we remand this case to the trial court. The trial court is instructed to consider the psychiatric report prepared by the Center for Forensic Psychiatry on the defendant's mental condition at the time of the offense to determine whether defendant's plea was acceptable at the time proffered in light of all of the circumstances. If so, the conviction shall stand affirmed. If, on remand, the trial court determines that, in light of the report, the plea should not have been accepted, the court shall, on request, permit the defendant to withdraw his plea and shall schedule this case for trial.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, and ARCHER, JJ., concurred with GRIFFIN, J.